IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY WALKER | : | |
|     Plaintiff | : | |
| | | |
| v. | : | CIVIL NO. WDQ-06-2426 |
| | | |
| WARDEN | : | |
|     Defendant | : | |

o0o

## MEMORANDUM

Pursuant to this Court's Order of September 27, 2006, Plaintiff has filed an amended Complaint and a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted. Upon review of the allegations raised in the Complaint and for the reasons set forth below, the Complaint shall be dismissed.

Plaintiff seeks a restraining order and monetary damages because his mail and his medical file were stolen by correctional officers on more than one occasion. Paper No. 3 at p. 4. Plaintiff does not claim any actual injury resulting from the claimed illegal confiscation of his mail and medical records; rather he bases his demand for monetary damages on alleged mental and physical distress.[1] *Id.* While the interference by prison officials with certain types of mail may state a constitutional claim, occasional incidents of delay or non-delivery of mail do not rise to a constitutional level. *See Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997); *Smith v. Mashner*, 899 F.2d 940, 944 (10th Cir. 1990). Absent any assertion by Plaintiff that he suffered an actual injury (such as a missed legal deadline) as a result of his outgoing letter being confiscated, his allegation simply does not state a claim upon which relief may be granted.

---

[1] Plaintiff indicates that "Nurse Gamora" denied him medical treatment on September 15, 2006. He does not indicate the nature of the illness or injury for which treatment was denied, nor does he name the nurse as a defendant in this lawsuit.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Accordingly, this case will be dismissed without requiring a response from the Defendants.

---

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed as frivolous. A separate Order follows.


November 1, 2006                                /s/
Date                                    William D. Quarles, Jr.
                                        United States District Judge